UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| BBC CHARTERING & LOGISTIC GmbH & CO. KG,<br><br>Plaintiff,<br><br>vs.<br><br>LAMPSON INTERNATIONAL, LLC; KVAERNER VERDAL A/S; IF SKADEFORSIKRING NUF,<br><br>Defendants. | AT LAW OR IN ADMIRALTY<br><br>Case No. 3:13-cv-6001<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AS TO APPLICATION OF COGSA TO MARINE CARGO ACTION** |

**RELIEF SOUGHT**

1.   Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiff asks the Court to rule that the dispute between Plaintiff and the Defendants pertaining to damage to cargo being transported from Longview, Washington, to Norway is governed by the Carriage of Goods by Sea Act, 46 U.S.C. 30701 et seq. (hereinafter "COGSA"), and asks the Court to determine the rights and obligations of the parties pursuant to COGSA, and the terms of the applicable bill of lading.

**JURISDICTION AND VENUE**

2.   This is an action in Admiralty pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h).

Case No.: 3:13-cv-6001
COMPLAINT FOR DECLARATORY JUDGMENT AS TO
APPLICATION OF COGSA TO MARINE CARGO
ACTION - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

3.      Venue is appropriate in this District since the cargo that is the subject of the suit was shipped from Longview, Washington, and was damaged as the ship carrying the cargo was en route to its destination.

## PARTIES

4.      Plaintiff is a German corporation with its principal place of business in Leer, Germany. At all relevant times, Plaintiff was a time charterer of the cargo vessel BBC KIBO.

5.      Defendant Lampson International, LLC, is a Washington corporation with its principal place of business in Kennewick, Washington, and is involved in the heavy lift, construction and transport business.

6.      Defendant KVAERNER VERDAL A/S is a Norweigan corporation with its principal place of business in Verdal, Norway, and is an engineering and construction company.

7.      Defendant IF SKADEFORSIKRING NUF is a foreign corporation organized and existing under the laws of a state other than the State of Washington, with its principal offices in Norway, and that allegedly issued a policy of insurance to Kvaerner Verdal for the carriage of the goods which forms the basis for this claim.

## FACTS

8.      On or about October 21, 2011, Defendant Lampson International arranged for 158 pieces of a construction crane (hereinafter "the Cargo") to be delivered to Plaintiff at the port of Longview, Washington, for transport to Defendant Kvaerner Verdal in Verdal, Norway.  Plaintiff issued bill of lading no. LONVER01 dated December 19, 2011 (hereinafter "the Bill of Lading") as the contract for carrying the Cargo between those two ports, and in which Defendant Lampson International was designated as the Cargo's shipper, and Defendant

Case No.:  3:13-cv-6001
COMPLAINT FOR DECLARATORY JUDGMENT AS TO
APPLICATION OF COGSA TO MARINE CARGO
ACTION - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

1  Kvaerner Verdal was designated as the Cargo's consignee.  (A copy of the Bill of
2  Lading is attached as Exhibit A.)

3      9.    Pursuant to the Bill of Lading, the Cargo was shipped subject to the
4  provisions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 USC
5  30701 note.  Specifically, the Bill of Lading Special Clause B.(i) provides:  "In case
6  the Contract evidenced by this Bill of Lading covers a shipment to or from a port in
7  the United States, including any US territory, the U.S. Carriage of Goods by Sea
8  Act of the United States of America 1936 (U.S. COGSA) shall apply."

9      10.   The Vessel departed Longview on or about December 19, 2011, with
10 the Cargo on board bound for Verdal, Norway.  The ship stopped Veracruz, Mexico,
11 Houston, Texas, and at Argentia, Newfoundland, Canada.  The ship departed
12 Argentia on February 1, 2012, under the advice of a weather routing service.  She
13 was bound for Falmouth, Cornwall, United Kingdom, where she planned to load
14 fuel before continuing her voyage to Scandinavia.

15     11.   During the voyage, the ship encountered strong winds and high swell
16 from different directions.  The ship's crew checked the cargo lashings twice daily to
17 ensure that they were secure.

18     12.   On February 5, 2012, while encountering these rough weather
19 conditions in the North Atlantic, the crew discovered that a few pieces of the Cargo
20 had broken loose and become damaged, and damaged other Cargo stowed nearby.
21 The Vessel's Master issued a Note of Protest as to these matters.  (A copy of the
22 Note of Protest is attached as Exhibit B.)

23     13.   The Vessel proceeded to Verdal, Norway, where it arrived on or about
24 February 22, 2012, and the Cargo was unloaded.

25     14.   The Defendants advise they intend to pursue a claim against Plaintiff
26 for the Cargo damage, although no suit has yet been initiated.

Case No.:  3:13-cv-6001
COMPLAINT FOR DECLARATORY JUDGMENT AS TO
APPLICATION OF COGSA TO MARINE CARGO
ACTION - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

15. COGSA provides that it shall apply to water carriage of cargo to or from any port in the United States in foreign trade. 46 USC § 30702 note.

16. The provisions of COGSA govern all claims for damage to the Cargo, including all limitations and defenses provided for under that statute.

17. Pursuant to COGSA, Plaintiff cannot be liable for loss or damage to the Cargo that arose from various enumerated causes, including dangers of the sea, acts of God, insufficiency of packaging, acts or omissions of the shipper or owner of the Cargo or their agents, or causes that do not involve the actual fault and privity of Plaintiff or its agents.

18. The loss and damage to the Cargo in this case was the result of one or more of the defenses under COGSA and, therefore, Plaintiff should be found to have no liability for that loss or damage.

19. The Bill of Lading expressly states (under "Additional Clauses") that in no event shall Plaintiff be liable for any loss or damage to the Cargo in excess of $500 per package or customary freight unit, unless, prior to the Cargo being handed over to Plaintiff, the value of the Cargo has been declared and inserted into the Bills of Lading. COGSA also specifically provides for such limitation of liability.

20. Defendants were provided with a fair opportunity to avoid this limitation of liability. The value of the Cargo was not declared in the Bills of Lading. Therefore, any potential liability of Plaintiff for loss or damage to the Cargo is limited to $500 per package or per customary freight unit.

## DECLARATORY ACTIONS

Plaintiff asks the Court to declare as follows:

21. That the Court has personal and subject matter jurisdiction over all claims by Defendants against Plaintiff for damage to the Cargo, and that venue over those claims is proper in this Court.

Case No.: 3:13-cv-6001
COMPLAINT FOR DECLARATORY JUDGMENT AS TO
APPLICATION OF COGSA TO MARINE CARGO
ACTION - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  22. That the rights, obligations and defenses of the parties as to loss or damage to the Cargo are determined by the terms of the Bills of Lading and COGSA.

23. That under the terms of COGSA and the Bill of Lading, Plaintiff has no liability with regard to loss or damage to the Cargo.

24. That any potential liability that Plaintiff may have as to the Cargo is limited to $500 per package or customary freight unit.

25. That Plaintiff be awarded such further relief as the Court deems just and equitable.

DATED this 19th day of November, 2013.

/s/ Philip R. Lempriere
Philip R. Lempriere, WSBA No. 20304
Attorneys for Plaintiff
BBC Chartering & Logistic GmbH & Co. KG
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  (206) 622-3790
Facsimile:  (206) 343-9529
*E mail:*  philip.lempriere@kyl.com

KYL_SE88481

Case No.:  3:13-cv-6001
COMPLAINT FOR DECLARATORY JUDGMENT AS TO APPLICATION OF COGSA TO MARINE CARGO ACTION - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790